UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DIANE RIZZO**  Plaintiff, | |
| v. | Civil Action  _____ |
| **BLUES MANAGEMENT, INC. d/b/a DAPA FAMILY RECOVERY PROGRAMS,**  Defendant. | Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### 1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a JURY TRIAL in this employment discrimination and retaliation case as to any and all issues triable to a jury. Plaintiff alleges Defendant BLUES MANAGEMENT, INC. d/b/a DAPA FAMILY RECOVERY PROGRAMS discriminated and retaliated against Plaintiff when Defendant, BLUES MANAGEMENT, INC. d/b/a DAPA FAMILY RECOVERY PROGRAMS, took adverse personnel actions against Plaintiff and continued to retaliate against Plaintiff after her employment was wrongfully terminated.

1.2. COMES NOW, DIANE RIZZO, (hereinafter referred to as "Plaintiff") complaining of and against BLUES MANAGEMENT, INC. d/b/a DAPA FAMILY RECOVERY PROGRAMS (hereinafter referred to as "Defendant" or "Blues Management"), and for cause of action respectfully shows the court the following:

### 2. PARTIES

2.1. Plaintiff is an individual who resides in Harris County, Texas.

2.2. Defendant BLUES MANAGEMENT is an employer located in Harris County, Texas, qualified to do business in Texas and engaging in an industry affecting interstate commerce, and employs more than 20 regular employees and may be served by serving Jason D. baron 5500 Guhn Road #100 Houston, Texas 77040.

### 3. VENUE AND JURISDICTION

3.1. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is where all or part of the cause of action accrued and the District where Defendant maintains a residence, an agency or representative.

3.2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1331 and the American's with Disabilities Act, as amended.

3.3. Declaratory and injunctive relief is sought pursuant to the American's with Disabilities Act, as amended.

3.4. Actual damages, to include back pay and front pay are sought pursuant to the American's with Disabilities Act, as amended.

3.5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and the American's with Disabilities Act, as amended.

3.6. Compensatory damages and exemplary damages may be awarded pursuant to the American's with Disabilities Act, as amended.

### 4. STATEMENT OF THE CASE

4.1. Plaintiff, Diane Rizzo, is a female who began working for Defendant Blues Management, Inc. on November 5, 2012 as a registered medical assistant.

PLAINTIFF'S ORIGINAL COMPLAINT

4.2.  Plaintiff's work record with Blues Management was excellent.[1] Plaintiff had many, many patients send thank you letters and cards to here at work praising her performance. In fact because she was performing so well, in September 2013, Defendant requested that Plaintiff take on additional Medical Records duties, which had an urgent response time, in addition to her normal duties, while Christie Brown was out on maternity leave.

4.3.  Defendant had approved Plaintiff's time off upon hire as they knew she needed time off to take her young daughter to New Jersey for visitation with her father and for Plaintiff's my wedding. Defendant approved all Plaintiff's time off as Plaintiff never took time off unless it was planned and approved, until her hospitalization which is the subject of this lawsuit.

4.4.  Defendant never disciplined Plaintiff or gave her any written warnings about attendance, patient care or work performance prior to the time when she was hospitalized because no issues existed. Please see footnote number one.

4.5.  Plaintiff was admitted to the hospital in September 2013. Upon her release from the hospital, Defendant's agent told her that it was not good timing for the company for her to have medical issues. Plaintiff had to schedule follow up medical appointments and procedures for October 2013. Plaintiff took off (with approval) for a medical procedure Friday, October 18, 2013. Ms. Rizzo informed her supervisor that her doctor scheduled her out every other Friday for spinal injections. Plaintiff's boss told her that was inconvenient. This was a substantial limitation on Plaintiff's life activities, including but not limited to, caring for herself, showering, walking and working.

---

[1] Defendant asserts, without substantiation, that Plaintiff received verbal counselings. To the contrary, there is no record of such and Defendant has wholly failed to show any disciplinary action until the illegitimate disciplinary leading to termination which only occurred after Plaintiff engaged in protected activity. Such an allegation by Defendant is disingenuous.

PLAINTIFF'S ORIGINAL COMPLAINT

4.6.  Plaintiff's admission to the hospital, requests for accommodations and limitations on life activities are all evidence of a record of a disability, perception of a disability or a disability itself.

4.7.  The very day Plaintiff returned from her medical procedure, her supervisor wrote her up. The allegations in the write up, not returning phone calls, were bogus. Plaintiff returned all phone calls prior to leaving for the medical procedure. No unanswered calls were left or deleted.

4.8.  Just days later on October 25, 2013, Defendant terminated Plaintiff. All of the subsequent allegations made as to why Defendant terminated Plaintiff are bogus and a pretext for the real reason for firing Ms. Rizzo – the real reason was her disability, perceived disability or record of disability.

4.9.  Defendant terminated Plaintiff as opposed to fulfilling their legal obligation to engage in the good faith interactive process regarding accommodations. Defendant wholly failed to engage in the interactive process and instead terminated Plaintiff.

4.10. In fact, some of the false allegations about Plaintiff revolve around expired medications. In actuality, Defendant no longer paid for proper disposal of medications and left expired medications, including medications from another company, improperly stored, without proper inventory. This is the same Defendant whose agents and supervisors would order medications for one patient using another patient's insurance because the insurance was better or order twice as much medication as was necessary so they could use the medication for another patient.

4.11. Defendant continued their pattern of discrimination and retaliation against Plaintiff by fighting her unemployment and with untruthful statements and allegations. However, the

PLAINTIFF'S ORIGINAL COMPLAINT

Texas Workforce Commission found in Plaintiff's favor and gave her unemployment benefits, finding that Plaintiff did not commit work connected misconduct.

4.12. Defendant has discriminated and retaliated against Plaintiff in violation of The Americans with Disabilities Act, as amended, based on disability, perceived disability or record or report of a disability and for requesting accommodations.

## 5. TIMELINESS

5.1. Plaintiff brought this suit within 90 days from the date of receipt of the notice of right to sue.

## 6. ADMINISTRATIVE CONDITIONS PRECEDENT

6.1. Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination within 300 days of the date Plaintiff learned of the adverse employment action.

## 7. DAMAGES

7.1. As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 8. ATTORNEY'S FEES

8.1. Defendant' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 9. PRAYER

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

    9.1.1. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein including benefits;

    9.1.2. Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

    9.1.3. Judgment against Defendant, for front pay by Plaintiff as alleged herein;

    9.1.4. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

    9.1.5. Pre-judgment interest at the highest legal rate;

    9.1.6. Post-judgment interest at the highest legal rate until paid;

    9.1.7. Damages for mental pain and mental anguish;

    9.1.8. Exemplary damages;

    9.1.9. Compensatory damages;

    9.1.10. Attorney's fees;

    9.1.11. All costs of court expended herein;

    9.1.12. Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully submitted,

/s/ Ellen Sprovach
Ellen Sprovach
Texas State Bar ID 24000672
USDC SD/TX No. 22202
ROSENBERG & SPROVACH
3518 Travis, Suite 200
Houston, Texas 77027
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
Gregg M. Rosenberg
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF