United States District Court
Southern District of Texas
**ENTERED**
January 24, 2017
David J. Bradley, Clerk

MIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIANE RIZZO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:16-cv-01017 |
| | § | |
| BLUES MANAGEMENT, I NC. d/b/a | § | |
| DAPA FAMILY RECOVERY PROGRAMS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
ON DEFENDANT BLUES MANAGEMENT, INC.'S MOTION TO DISMISS UNDER
RULE 12(B)(6), MOTION TO STRIKE JURY DEMAND, AND MOTION TO STRIKE
ALLEGATIONS UNDER RULE 12(F)(2)**

This matter was referred by United States District Judge Vanessa Gilmore, for full pre-trial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry #15). In this case, Plaintiff Diane Rizzo ("Plaintiff," "Rizzo") brings claims against Defendant Blues Management, Inc. d/b/a DAPA Family Recovery Programs ("Defendant," "the Company," "BMI") under the Americans with Disabilities Act, 42 U.S.C.A. § 12101, *et seq.*, as amended. (Plaintiff's Original Complaint ["Complaint"] ¶ 4.12, Docket Entry #1). She claims that Defendant discriminated against her, on the basis of a disability, and retaliated against her for seeking unemployment pay, after she was terminated. (*Id*. ¶¶ 4.5-12). Before the court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant seeks to dismiss Plaintiff's request for compensatory and punitive damages under the Americans with Disabilities Act's retaliation provision, as well as the jury demand.(Defendant Blues Management, Inc.'s Motion to Dismiss Certain Claims for Failure to State a Claim Upon Which Relief Can be Granted, Motion to Strike Jury Demand for ADA Retaliation Claim, and Motion to Strike Allegations Under Fed. R. Civ. P. 12(f)(2) ["Motion"],

Docket Entry #6). Defendant also moves to strike certain allegations in the pending Complaint, under Rule12(f)(2). (*Id*. at 5-7). Plaintiff has responded in opposition to these requests. (Plaintiff's Response to Defendant Blues Management, Inc.'s Motion to Dismiss Certain Claims for Failure to State a Claim Upon Which Relief Can be Granted, Motion to Strike Jury Demand for ADA Retaliation Claim, and Motion to Strike Allegation Under Fed. R. Civ. P. 12(f)(2) ["Response"], Docket Entry #12). After considering the pleadings, the evidence submitted, and the applicable law, it is **RECOMMENDED** that Defendant's motion be **GRANTED**, in part, and **DENIED**, in part, for the reasons set out below.

**Background**

Blues Management, Inc. provides mental health and substance abuse counseling services to privately insured patients, as well as to Medicare and Medicaid recipients. (Motion at 7). Rizzo worked for BMI, as a registered medical assistant, from November, 2012, until October 25, 2013. (Complaint ¶ 4.1; Response at 1). Rizzo alleges that she maintained an "excellent" employment record with the Company, and that she had never been reprimanded, before the incident at issue here. (Complaint ¶¶ 4.2, 4.4).

In September, 2013, Plaintiff was admitted to the hospital, and was unable to work. (*See* Complaint ¶¶ 4.3, 4.4, 4.5).While the record does not reflect the length of her absence, or whether she sought prior approval for medical leave, after Rizzo was discharged from the hospital, a BMI representative reportedly told her that it was "not [a] good tim[e,] for the [C]ompany[,] for her to have medical issues." (*Id*. ¶ 4.5). Plaintiff then allegedly requested additional time off for a medical procedure that had been scheduled for October 18, 2013. (*Id*.). She informed her supervisor that her physician recommended that she undergo bi-weekly spinal injections. (*See id.*). BMI approved Rizzo's leave request, but, again, allegedly informed her that her absences were "inconvenient" for

the Company. (*Id*.).

When Plaintiff returned to work, following the procedure, she was "written up [for] not returning phone calls." (*Id*. ¶ 4.7). Rizzo maintains, however, that she had returned all of her calls before she took medical leave. (*Id.*). On October 25, 2013, she was fired. (*Id*. ¶ 4.8). Rizzo has not given a stated reason for her termination, but she insists that she was discharged due to a perceived disability. (*See id*.). She contends that Defendant continued its "pattern of discrimination and retaliation" by contesting her application for unemployment benefits, and lodging false allegations about her. (*Id*. ¶ 4.11). Despite those allegations, Rizzo's application was approved, and she was awarded unemployment benefits. (*Id*.).

On April 14, 2016, Rizzo filed this lawsuit, alleging that Defendant discriminated against her, on the basis of her claimed disability; that it failed to reasonably accommodate that disability; and that it retaliated against her for seeking unemployment benefits after she was wrongfully terminated. (Complaint). On June 24, 2016, BMI filed this motion to dismiss, and to strike, under Rules 12(b)(6) and 12(f). In its motion, Defendant asks the court to dismiss Plaintiff's claim for compensatory and punitive damages, as well as her jury demand, on the retaliation claim, only. (Motion at 2, 3-4). BMI also contends that the allegations in Paragraph 4.10 of the Complaint are "immaterial, impertinent, [] scandalous, and unnecessary" to Plaintiff's claims, and so it requests that those statements be stricken from the Complaint. (*Id*. at 2, 5-6). From a review of the pleadings, the evidence submitted, and the applicable law, the court recommends that Defendant's motion be **GRANTED**, in part, and **DENIED**, in part.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure

to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true, and view them in the light most favorable to the plaintiff. *Spectrum Stores, Inc. v. Citgo Petroleum Corp*., 632 F.3d 938, 948 (5th Cir. 2011) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)). "To survive dismissal, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555. ("Factual allegations must be enough to raise a right to relief above the speculative level."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not 'shown' –'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting FED. R. CIV. P. 8(a)(2)). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

In ruling on a Rule 12(b)(6) motion, the court typically may not look beyond the pleadings. *Hall v. Hodgkins*, 305 F.App'x 224, 227 (5th Cir. 2008) (citing *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994)). "Pleadings," for purposes of a Rule 12(b)(6) motion, however, include attachments to the complaint, documents incorporated into the complaint by reference, and information subject to judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

4

Documents "attache[d] to a motion to dismiss are considered to be a part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal quotation marks omitted); *accord Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *see Johnson v. Wells Fargo Bank, N.A.*, 999 F.Supp.2d 919, 926 (N.D. Tex. 2014) ("[D]ocuments are central when they are necessary to establish an element of one of the plaintiff's claims.").

Federal Rule of Civil Procedure 12(f) provides that a district court "may strike from a pleading. . . any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Although it is within the court's discretion to strike a pleading, that authority should be exercised with caution. *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). A motion to strike based on immateriality or impertinency "'should be granted only when the pleading to be stricken has no possible relation to the controversy.'" *Id.* (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)). Because striking a portion of a pleading is a drastic remedy, and, because it is often sought by the movant "simply as a dilatory tactic," motions brought under Rule 12(f) are viewed disfavorably and are rarely granted. *Centex Homes v. Lexington Ins. Co*, No. 3:13-cv-719-BN, 2014 WL 1225501, at *12 (N.D. Tex. Mar. 25, 2014) (citing *Jacobs v. Tapscott*, No. 3:04-cv1968-D, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004).

**Discussion**

*Motion to Dismiss Under Rule 12(b)(6)*

    ***Compensatory and Punitive Damages***

Rizzo seeks to recover damages for harm that she allegedly suffered, including "humiliation and embarrassment among [her] co-workers[,] damage to [her] credibility and prospects for future

employment[,]" as well as for damage to her reputation, mental pain, mental anguish, and other compensatory and punitive damages. (Complaint ¶¶ 7.1, 9.1.4, 9.1.7, 9.1.8, 9.1.9). In this motion, Defendant argues that relief under the Americans with Disabilities Act's ("ADA") retaliation provision is limited to equitable remedies, such as back pay or reinstatement. (Motion at 4). For that reason, BMI contends that Plaintiff may not recover compensatory or punitive damages on her retaliation claim, and so her claims for those damages should be dismissed.(*Id*. at 4-5).

Section 12203 of the Americans with Disabilities Act prohibits retaliation against an employee who has engaged in an activity protected under the ADA. 42 U.S.C. § 12203. The remedies that are available for a violation of that provision are identical to those under 42 U.S.C. § 12117. *Id*. § 12203(c). Specifically, § 12117 states that "the available remedies are those provided by the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e–4, e–5, e–6, e-8, and e-9." *Miles-Hickman v. David Powers Homes, Inc*., 613 F.Supp.2d 872, 877 (S.D. Tex. 2004) (citing 42 U.S.C. § 12117(a)). Under 42 U.S.C. § 2000e-5(g)(1), a court may order equitable relief *only*, for a violation of the ADA's retaliation provision.[1] *Id.* (citing *Kramer v. Banc of Am. Securities*, LLC, 355 F.3d 961, 964 (7th Cir. 2004)). Examples of appropriate relief include back pay, an injunction prohibiting the unlawful employment practice, or reinstatement of the individual's employment. *Id.*; 42 U.S.C. § 2000e-5(g)(1). Indeed, "it is an elemental canon of statutory construction that 'where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.'" *George v. Aztec Rental Center Inc*., 763 F.2d 184, 187 (5th Cir. 1984) (citing *Middlesex County Sewerage Authority v. National Sea Clammers Association*, 453 U.S.1, 101 S.Ct. 2615, 2623, 69 L.Ed.2d 435 (1981). In this case, the statutory language is clear that compensatory and punitive

---

[1] The other provisions set out in 42 U.S.C. § 12117(a) are not relevant to a plaintiff's recovery on an ADA retaliation claim. *See* 42 U.S.C. §§ 2000e–4, e–6, e-8, and e-9.

damages, such as those requested here, are not available for violations of the ADA's retaliation provision. 42 U.S.C. § 12203(c); 42 U.S.C. § 2000e-5(g)(1).

Rizzo, however, is adamant that she may recover compensatory and punitive damages, because she has also lodged claims under the ADA's discrimination provision. (Response at 5). She insists that she is entitled to recover those damages if she can show that BMI's discrimination was intentional. (*Id.*). Plaintiff is correct. A claimant "asserting a private cause of action for violations of the ADA [] may only recover compensatory damages upon a showing of intentional discrimination." *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) (citing *Carter v. Orleans Parish Pub. Sch.*, 725 F.2d 261, 264 (5th Cir. 1984)). Likewise, she may recover punitive damages if she can show that BMI acted "with malice or with reckless indifference" to her federally protected rights. *E.E.O.C. v. E.I. Du Pont de Nemours & Co.*, 480 F.3d 724, 732 (5th Cir. 2007) (citing 42 U.S.C. § 1981a(b)(1)). But, Plaintiff's retaliation and discrimination claims are independent causes of action, which provide independent recoveries. The remedies that are available for one claim have no bearing upon those that are available for the other. Moreover, Defendant has not asked that *all* of Plaintiff's claims for compensatory and punitive damages be dismissed. BMI has asked only that those compensatory and punitive damages which she claims to have been caused by its alleged retaliation be dismissed. (Motion at 2, 4-5). On this record, Rizzo may recover only those compensatory and punitive damages which she can prove resulted from the intentional discriminatory conduct by her former employer.

Because the ADA statute on retaliation permits recovery of equitable remedies only, Rizzo may not receive compensatory or punitive damages if she prevails on her retaliation claim. *Miles-Hickman*, 613 F.Supp.2d at 879 (citing 42 U.S.C. § 2000e–5(g)(1). However, if Plaintiff establishes

7

that BMI intentionally discriminated against her, then she may be awarded compensatory or punitive damages on that claim. *E.I. Du Pont De Nemours*, 480 F.3d at 732 ("The availability of punitive damages [for an ADA discrimination claim] turns on the defendant's state of mind[.]"); *accord Delano-Pyle*, 302 F.3d at 574 (holding that an ADA plaintiff must prove intentional discrimination to recover compensatory damages). For these reasons, it is recommended that Defendant's motion be granted, and that Plaintiff's claims for compensatory and punitive damages, which may have resulted from Defendant's alleged retaliation only, be dismissed.

### *Jury Demand*

BMI also contends that Plaintiff's retaliation claim should not be tried before a jury. Defendant claims, specifically, that, "equitable remedies are determined by judges[,] not juries, [so] an employee who is seeking relief for alleged retaliation[,] in violation of the ADA[,] is not entitled to a jury trial on that claim." (Motion at 4). Plaintiff, on the other hand, argues that she has a right to a jury trial, because she has alleged both legal and equitable claims in her complaint. (Response at 6). She points out that a jury must decide "the underlying issue of liability for disability discrimination[,]" even if her retaliation claim is limited to equitable relief. (*Id*. at 6, 7).

The Seventh Amendment guarantees a jury trial in all in "Suits at common law." U.S. Const. amend. VII. This right applies in all actions in which legal rights are determined, as opposed to those in which *only* equitable remedies are concerned. *Miles-Hickman,* 613 F.Supp.2d at 879, fn 6 (citing *Allison v. Citgo Petroleum Corp*., 151 F.3d 402, 422 (5th Cir. 1998) (emphasis added). It should be noted that legal rights may be created by statute as well. *Allison*, 151 F.3d at 423. Section 1981a of the Civil Rights Act of 1991 provides parties the right to demand a jury trial when the plaintiff seeks compensatory and punitive damages for intentional discrimination claims under the ADA. 42 U.S.C.

§ 1981a(c). In suits involving equitable *and* legal claims, such as the one here, the right to a jury trial extends to all essential factual issues necessary to resolving all claims. *Allison*, 151 F.3d at 423. As applied in this case, the right to a jury trial extends to all factual issues required to determine liability on Rizzo's discrimination and retaliation claims, and for recovery of compensatory and punitive damages. *Id.* The court will determine issues of back pay, front pay, or reinstatement, if the jury finds that Defendant is liable on the retaliation claim.

*Motion to Strike*

In its final argument, Defendant insists that Plaintiff's allegations in paragraph 4.10 of the Complaint should be stricken under Rule 12(f). Those allegations discuss Defendant's alleged mishandling and improper storage of prescription medication. (Motion at 5; Complaint ¶ 4.10). Defendant claims that Rizzo's "bizarre," "false" statements are immaterial to any issue in the case, "even under the 'loose' definition of materiality" used in Rule 12(f) motions. (*Id*.). Plaintiff, however, maintains that the allegations in paragraph 4.10 are relevant, because they bear on Defendant's credibility, which may impact the jury's liability determination on her claims. (Response at 8) (citing *Newman v. Chevron U.S.A.*, 979 F.Supp. 1085, 1088-89 (S.D. Tex. 1997)).

Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike is only proper where the allegations to be stricken have no possible relation to the claims or causes of action[,]" or if there is a showing of prejudice. *Bates v. Laminack*, 938 F.Supp.2d 649, 668 (S.D. Tex. 2013) (citing *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962); *Landmark Graphics Corp. v. Seismic Micro Tech., Inc.*, 2007 WL 172195, at *3 (S.D. Tex. Jan. 22, 2007). If there is any doubt as to whether the pleadings are relevant to the case, the motion should be denied. *Id.* (citing *Pan American Life Insurance Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir.

1962).

BMI argues, particularly, that paragraph 4.10 should be stricken, because it is immaterial to any liability under the ADA; to whether Plaintiff is entitled to damages; and to the amount of reasonable attorney's fees to which either party is entitled. (Motion at 6). Indeed, the allegations of Defendant's purported misconduct in disposing of medications is so "tangential to Plaintiff's claim for [disability] discrimination that evidence supporting them would not be admissible." *Anderson v. Davis Poly & Wardell LLP*, 850 F. Supp. 29 392, 417 (S.D. N.Y. 2012); *see also* FED. R. EVID. 404(b). They have no apparent or implicit relevance to the claims or defenses alleged in the pleadings. For these reasons, it is recommended that the allegations in paragraph 4.10 be stricken from the record.

In sum, Plaintiff may not recover compensatory or punitive damages for her retaliation claim under the ADA. However, if she establishes that BMI intentionally discriminated against her, then she may be awarded compensatory or punitive damages for that discrimination claim. Rizzo also retains the right to a jury trial on factual issues necessary to determine liability on her discrimination and retaliation claims, as well as for recovery of compensatory and punitive damages on the discrimination claim. The court will determine issues of back pay, front pay, or reinstatement, if necessary. And, finally, it is clear that the allegations in paragraph 4.10 of the complaint are immaterial to the subject matter of this suit, and should be stricken from the record.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Plaintiff's motion to dismiss be **GRANTED**, in part, and **DENIED**, in part.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an

aggrieved party from attacking the factual findings and legal conclusions on appeal. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77028; copies of any such objections shall be delivered to the chambers of Judge Vanessa Gilmore, Room 9513, and to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this 24th day of January, 2017.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**